
# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BOBBI SUE ATKINSON, ) | CV-N-05-0471-HDM (VPC) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| JO ANNE BARNHART, ) | |
| Defendant. ) | April 17, 2006 |

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. This action is brought pursuant to 42 U.S.C. § 405(g), for judicial review of the final administrative decision of the Commissioner of the Social Security Administration denying plaintiff disability benefits. Before the court is plaintiff's motion for reversal of the ALJ's decision, or in the alternative, for remand (#11-1). Defendant filed a cross-motion for summary judgment and opposition plaintiff's motion for reversal (#14); plaintiff replied (#15).

The court has thoroughly reviewed the parties' pleadings and the administrative record and finds that the administrative law judge's ("ALJ") findings are supported by substantial evidence in the record. The ALJ followed the sequential evaluation required by 20 C.F.R. § 404.1520 (2005). The ALJ discussed and reviewed all of the medical evidence before him in making his determination.

## I. ADMINISTRATIVE PROCEEDINGS

Plaintiff Bobbi S. Atkinson ("plaintiff") filed an application for Social Security disability insurance benefits on May 20, 2002 (#14). Plaintiff alleges that she became disabled on February 15, 2000 due to back surgery, fibromyalgia and depression (#11-1). Plaintiff's application for benefits was denied initially, and again on reconsideration. *Id*. On October 19, 2004, plaintiff appeared at a hearing before Administrative Law Judge Mark C. Ramsey. *Id*. On December 17, 2004, the ALJ denied plaintiff's claim, finding that plaintiff was not disabled within the meaning of the Social Security Act ("SSA") (*Id*.; #8, Tr. 18). Plaintiff requested administrative review (#8, Tr. 12), but the Social Security Administration Appeals Council denied plaintiff's request for review of the ALJ's decision. *Id*., Tr. 6. Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on August 22, 2005.

Defendant filed a countermotion for summary judgment (#14).

## II. BACKGROUND

Plaintiff is a forty-six-year-old woman with an eleventh grade education (#8, Tr. 15). Her past work experience includes employment as a tool crib attendant, fast food restaurant worker, and casino cage cashier. *Id*. Plaintiff alleges that she became disabled on February 15, 2000 due to back surgery, fibromyalgia, and depression. *Id*.

Pursuant to this court's order, plaintiff stipulates that the ALJ fully and fairly summarized the medical evidence and all other evidence supporting this matter, including the hearing testimony and plaintiff's prior written statements.

**ALJ's relevant findings**

1. Plaintiff meets the nondisability reqirements for a period of disability and disability insurance benefits ("DIBs") set forth in § 216(I) of the SSA and is insured for benefits through

the date of this decision.

2. Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability.

3. Plaintiff's fibromyalgia, obesity, status post L4-5 diskectomy, and major depression, are considered "severe" based on requirements in the Regulations. 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

5. The ALJ finds the claimant's allegations regarding her limitations are not fully credible.

6. The claimant has the following residual functional capacity: lift/carry 20 pounds occasionally and ten pounds frequently, sit, stand, or walk six out of eight hours, occasionally perform postural activities, no climbing ladders, ropes or scaffolds, and should avoid concentrated exposure to vibration or work hazards. She is limited to simple unskilled work without frequent public or coworker contact.

7. Plaintiff is unable to perform any of her past relevant work. 20 CFR § 404.1565.

8. Plaintiff is a "younger individual between the ages of 45-49." 20 CFR § 404.1563.

9. Plaintiff has a "limited education." 20 CFR § 404.1564.

10. Plaintiff has no transferable skills from any past relevant work/or transferability of skills is not an issue in this case. 20 CFR § 404.1568.

11. Plaintiff has residual functional capacity ("RFC") to perform substantially all the full range of light work. 20 CFR § 404.1567.

12. Based on an exertional capacity for light work, and the claimant's age, education

3

and work experience, Medical Vocational Rule 202.18, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

13. Plaintiff's capacity for light work is substantially intact and has not been compromised by any nonexertional limitations. Accordingly, using the above-cited rule(s) as a framework for decisionmaking, the plaintiff is not disabled.

14. Plaintiff was not under a disability as defined in the Social Security Act, at anytime through the date of the decision. 20 CFR § 404.1520.

(#11-1).

### III. STANDARD OF REVIEW

The court must uphold the decision of an administrative law judge if the ALJ properly applied the correct legal standards and his findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir. 1993). Substantial evidence is more than a mere scintilla but less than a preponderance. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citing *Smolen*, 80 F.3d at 1279). "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings. However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted). The ALJ alone is responsible for determining credibility, and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The SSA defines disability as "the inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less that 12 months." 42 U.S.C. § 423(d)(1)(A) (2004). A claimant will be considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to the Act, the Secretary has adopted regulations which establish a formalized, five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Administrative Law Judge considers (1) whether the person is engaging in substantial gainful activity; (2) severity of the alleged impairment; (3) whether the impairment meets or equals a listed impairment and meets the duration requirement; (4) whether the individual is capable of doing work he or she has done in the past; and (5) whether the impairment prevents the person from doing any other work. *See id.* Thus, if at any point in the five-step inquiry it is determined that a claimant is or is not disabled, further review is unnecessary.

The Secretary of Health and Human Resources promulgated medical-vocational guidelines in order to promote efficiency and uniformity of Social Security disability benefits determinations. *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). If a claimant has limitations not recognized in the guidelines (a matrix known as the "grids"), the guidelines require that the particular limitations be considered. *Id*. at 576-77. In some cases of significant nonexertional impairments, such as poor vision or inability to tolerate dust or gases, reliance on the guidelines may be inappropriate. *Id*. at 577. "However, the fact that a non-exertional limitation is alleged does not automatically preclude application of the grids.

5

The ALJ should first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limitations." *Id.; Polny v. Bowen*, 864 F.2d 661, 663-64 (9th Cir. 1988).[1]

### IV. ANALYSIS

Plaintiff argues that the ALJ erred at step five of the sequential analysis in determining that her ability to perform light work is substantially intact and has not been compromised by nonexertional impairments (#11-1; #8, Tr. 26). Plaintiff argues that because she has exertional and nonexertional limitations, the grids did not completely describe her abilities and limitations; therefore, the ALJ should have heard testimony from a vocational expert ("VE") (#11-1). Plaintiff states that the ALJ concluded that plaintiff suffers from several nonexertional impairments: fibromyalgia, obesity, major depression, inability to have frequent contact with coworkers or public, and the inability to climb ladders. *Id*. Plaintiff contends that her nonexertional impairments are severe and clearly affect her ability to work in the national economy. *Id*. Plaintiff asserts that her case must be remanded in order that the ALJ can consult a VE to determine whether or not plaintiff can perform sedentary work or any work in the national economy. *Id*. Defendant responds that VE testimony is unnecessary when, as in this case, the ALJ determines that a claimant's nonexertional impairments do not significantly limit her exertional abilities (#14). Defendants state that plaintiff mischaracterizes her fibromyalgia, obesity and major depression as limitations in and of themselves. *Id*. Instead, defendants contend

---

[1] Other Ninth Circuit cases state that use of the grids at step five is appropriate only "when the grids 'completely and accurately represent a claimant's limitations.'" *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999)). However, the court in both cases also relies on *Desrosiers v. Sec'y of Health & Human Servs.* and states more specifically that if a claimant has significant nonexertional limitations that limit the range of work the claimant can perform, reliance on the grids is inappropriate. *Bruton*, 268 F.3d at 828; *Tackett*, 180 F.3d at 1104.

that the actual limitations are those identified in the ALJ's residual functional capacity ("RFC") determination: the ability to lift and carry up to twenty pounds, to sit, stand, and walk for up to six hours a workday, and the postural and other nonexertional limitations caused by plaintiff's fibromyalgia, obesity and depression. *Id*. Given those limitations, defendants state that the ALJ applied the grids to find plaintiff not disabled. *Id*.; #8, Tr. 24. According to defendants, Grid Rules 202.16 through 202.22 direct such a finding for a younger individual with at least a limited education and an RFC for sedentary work (#14).

In concluding that plaintiff's nonexertional limitations did not significantly erode the occupational base, defendants emphasize that the ALJ acknowledged that because plaintiff is capable of performing unskilled light work, she can also perform unskilled sedentary work, of which there are approximately 1600 occupations, each representing numerous jobs in the national economy. *Id*.; #8, Tr. 24. The ALJ further observed that most of the unskilled light and sedentary jobs do not require plaintiff to climb or to avoid vibration or work hazards (#14). Defendants state that the basic mental demands of unskilled work include the ability to understand, carry out, and remember certain instructions; respond appropriately to supervision, co-workers, and usual work situations; and to deal with changes in a routine work setting. *Id*. Defendants argue that the RFC determination indicates that plaintiff had not experienced a substantial loss of ability to meet any of those basic activities so as to severely limit the potential occupational base. *Id.* Defendants contend that the regulations support the ALJ's determination. *Id*.

Applying the five-step sequential evaluation process required under 20 C.F.R. § 404.1520, the ALJ found that plaintiff is not disabled under the Act (#8, Tr. 19). Under step one, the ALJ found that the evidence did not clearly establish whether plaintiff had engaged in substantial

7

gainful activity since the alleged onset of disability on February 15, 2000 (#8, Tr. 20).[2]

If the claimant is not involved in substantial gainful activity, the second step requires determining whether plaintiff's impairments or combination of impairments are "severe." 20 C.F.R. § 404.1520. If a claimant's impairments cause no more than minimal functional limitations, it will be determined that the claimant does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Here, the ALJ found that the plaintiff had a severe impairment or combination of impairments (#8, Tr. 22).

At step three, if it is found that the claimant's impairments meet or equal the impairments described in the Listing of Impairments and are of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(d); *see* 20 C.F.R., Part 404, Subpart P, Appendix 1. Here, the ALJ found that plaintiff has no impairment that meets or equals the level of severity of any impairment described in Appendix 1 of the Regulations (#8, Tr. 22; *see* 20 C.F.R., Part 404, Subpart P, Appendix 1). The ALJ credited the state agency physician's conclusion that the claimant's impairments do not meet or equal, either singly or in combination, the listed impairments (#8, Tr. 22). The state agency physician opined that plaintiff is able to lift/carry twenty pounds occasionally and ten pounds frequently, sit, stand or walk about six out of eight hours, occasionally perform postural activities except for climbing ladders, ropes or scaffolds, and should avoid exposure to excessive vibrations or work hazards. In addition, she is limited to simple, repetitive tasks with limited contact with others (#8, Ex. 16F).

---

[2]Plaintiff alleges that special accommodations were made for her when she worked at a fast food restaurant from September 2001 to March 2002 and that this was not substantial gainful activity (#8, Tr. 20). The ALJ found the evidence unclear and stated that he would not make a determination of disability at this step. *Id*.

8

The ALJ noted that one of plaintiff's treating physicians had opined that plaintiff's low back pain did not constitute a medical disability. *Id.*, Ex. 8F/9. A 2002 psychiatric evaluation concluded that plaintiff was treatable, that she could perform simple and repetitive tasks and had a limited ability to perform detailed and complex tasks. *Id.*, Ex. 9F. The psychiatrist also noted that plaintiff may have some difficulties with sustained performance and being able to work full time due to her depression and personality structure. *Id.*

If the claimant's impairments are severe, but do not meet or equal a listed impairment, the ALJ proceeds to step four. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). In step four, the ALJ determines whether the claimant can still perform past relevant work. 20 C.F.R. § 404.1520(e). The ALJ is charged with reviewing the claimant's residual functional capacity, a term which describes the range of work activities the claimant can perform despite her impairments (#8, Tr. 22). *See* 20 C.F.R. § 404.1545. If the individual can still do the work she did in the past, then the ALJ will find that she is not disabled. 20 C.F.R. § 404.1520(e). Here, the ALJ found that plaintiff was unable to perform any of her past work (#8, Tr. 23). Thus, the burden shifted to the Commissioner to prove that there were jobs in significant number in the national economy that fit plaintiff's age, education, work experience, and limitations. *See Yuckert*, 482 U.S. at 141-42; *Tackett v. Apfel*, 180 F.3d 1094; 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1560(b)(3).

In this case, the ALJ made his ineligibility decision at step five. Although the ALJ found plaintiff met her burden at steps one through four, after considering plaintiff's RFC and vocational factors, the ALJ determined that plaintiff's limitation to unskilled work does not significantly erode the ability to perform sedentary and light work (#8, Tr. 24). The ALJ observed that the rules identify approximately 1,600 unskilled occupations, each representing numerous jobs in the national economy. *Id.* The ALJ noted that plaintiff's need to only occasionally perform postural

9

activities, no climbing ladders, ropes or scaffolds, and need to avoid concentrated exposure to excessive vibration or work hazards does not significantly erode the ability to perform sedentary and light work as most jobs at these exertion levels do not require these activities. *Id*. The ALJ determined that because plaintiff has the exertional capacity to perform substantially all of the requirements of light work, and considering her age, education, and work experience, the application of the medical-vocational rules support a finding of "not disabled." *Id*. Finally, the ALJ found that plaintiff's capacity for light work is substantially intact and has not been compromised by any nonexertional limitations. *Id.,* Tr. 26.

The ALJ noted that he also considered plaintiff's allegations of severe pain and inability to work but found them exaggerated and not consistent with the evidence in the record. *Id*., Tr. 23. When an ALJ finds the claimaint's testimony with respect to the severity of her pain and impairments to be unreliable, he "must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 985 (9th Cir. 2002). Here, the ALJ found that plaintiff's activities do not support the extensive limitations that she reported (#8, Tr. 23). He also noted that plaintiff has not participated in the treatment normally associated with a severe pain syndrome, despite her complaints of neck and head pain. *Id*.

Substantial evidence supports the ALJ's determination that plaintiff is not "disabled" under the SSA. The ALJ properly credited both plaintiff's treating physicians and the state agency physician. The ALJ relied on plaintiff's testimony that after the alleged onset of disability in 2000, from September 2001 until June 2003 she worked as a cashier at a fast food restaurant. *Id*., Tr. 438. Plaintiff testified that she worked shifts ranging from five to ten hours and worked two to five days per week. *Id*. She stated that she was not required to do certain tasks normally

required of the cashiers, such as mopping and lifting heavy objects, and that she was allowed to take unscheduled breaks if her back pain was severe. *Id.*, Tr. 440. Regarding household work, plaintiff stated that she does the laundry, changes sheets with her husband's help, cooks about three or four meals per week, and shops weekly for groceries with her husband. *Id.*, Tr. 443-44. She testified that other family members mop, vacuum and scrub the bathroom. *Id.* She stated that takes short walks with her child about twice a month and walks her child across the street to school daily. *Id.*, Tr. 445. She stated that she was supposed to be on medication but currently has no health insurance. *Id.*, Tr. 446. She testified that she takes Tylenol "sometimes." *Id.*, Tr. 447.

Based on this testimony and the physicians' evaluations and opinions, the ALJ found that plaintiff exaggerated her claims of severe pain. *Id.*, Tr. 23. He found that the activity plaintiff reported and the medications she takes are not consistent with her claims of severe pain rendering her unable to work. *Id.* Substantial evidence–comprised of the physicians' evaluations and plaintiff's testimony–supports the ALJ's determination of plaintiff's RFC and his conclusion that her nonexertional limitations do not significantly limit the range of work permitted by her exertional abilities. Once the ALJ made this determination, he was not required to hear testimony by a vocational expert. *Desrosiers*, 846 F.2d at 577. Therefore, the ALJ did not err as a matter of law in reaching his decision without vocational expert testimony.

### V. CONCLUSION

Based on the foregoing, the court concludes that substantial evidence in the record supports the ALJ's findings. The ALJ followed the sequential evaluation required by 20 C.F.R. § 404.1520 and discussed and reviewed all of the medical evidence in making his determination.

11

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for reversal of the ALJ's decision, or in the alternative, for remand (#11-1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that defendant's cross-motion for summary judgment affirming the ALJ's decision (#14) be **GRANTED**.

**DATED**: April 14, 2006.

*Valerie P. Cooke*

**UNITED STATES MAGISTRATE JUDGE**